DMM
White

O4CV 80019

AO 243 (Rev. 2/95)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

CIV-MIDDLEBROOKS

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

MAGISTRATE JUDGE

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, motion will be filed if it is in proper order.  No fee is required within this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is  U.S. District Court, Southern District of Florida, 701 Clematis St., West Palm Beach, FL 33401

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.



PETITION UND~~~ 28 USC § 2255 TO VACATE, SET A~ JE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District *Southern Dist. of Florida* |
|---|---|
| Name of Movant *Michael David Harland* | Prisoner No. *800966* Case No. *02-80094-CR- Middlebrooks* |
| Place of Confinement *Gulf Correctional Institution ( See Exhibit A)* | |

UNITED STATES OF AMERICA      V.      *Michael David Harland*

04-80019

(name under which convicted)

MOTION CIV-~~~~~~~~~

1. Name and location of court which entered the judgment of conviction under attack *U.S. District Dist. of Florida, 701 Clematis St, West Palm Beach, Fla 33401*

2. Date of judgment of conviction *December 6, 2002*

3. Length of sentence *Eighteen (18) years*

4. Nature of offense involved (all counts) *See attached Exhibit B*
   *40 Counts in violation of; 18 U.S.C. 2251(a),*
   *18 U.S.C. 2251(b), 18 U.S.C. 2252(a)(1), 18 U.S.C.*
   *2252(a)(4)*

5. What was your plea?  (Check one)
   (a) Not guilty ☐ ✓
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   *N/A*

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury ☐  *N/A*
   (b) Judge only ☐

7. Did you testify at the trial?  *N/A*
   Yes ☐      No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐      No ☒

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court   _N I A_____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐       No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   _N I A_____

         (2) Nature of proceeding _____

             _____

         (3) Grounds raised _____

             _____

             _____

             _____

             _____

             _____

         (4) Did you receive an evidentiary hearing on your petition, application or motion?

             Yes ☐       No ☐

         (5) Result _____

         (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

         (1) Name of court   _N I A_____

         (2) Nature of proceeding _____

              _____

          (3) Grounds raised _____

              _____

              _____

              _____

              _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐      No ☑
(2) Second petition, etc.        Yes ☐      No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.   Ground one: _See attached pages 8 - 10_

Supporting FACTS (state *briefly* without citing cases or law)

B.   Ground two:

Supporting FACTS (state *briefly* without citing cases or law)

C.   Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

AO 243 (Rev. 2/95)

D.     Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

The ground in 12A was not presented because the
defendant has not filed any other motions in this
court or any other.

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐        No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing Scott Suskauer, Esq., 1601 Forum Place
Suite 1200, West Palm Beach, FL. 33401

(b) At arraignment and plea Scott Suskauer, Esq., 1601 Forum Place
Suite 1200, West Palm Beach, FL 33401

(c) At trial  N/A

(d) At sentencing Scott Suskauer, Esq., 1601 Forum Place, Suite
1200 West Palm Beach, FL. 33401

AO 243 (Rev. 2/95)

(e) On appeal _____ N / A _____

(f) In any post–conviction proceeding _____ Λ _____

(g) On appeal from any adverse ruling in a pos____

*Sign + Date*

*Here*

16. Were you sentenced on more than one count of ____ ____ n the same court and at approximately the same time?
Yes ☐   No ☑

17. Do you have any future sentence to serve after y____ ____ t under attack?
Yes ☑   No ☐

   (a) If so, give name and location of court which i____ _____ *fteenth*
   Judicial Circuit, Palm Beach County, 301 N Olive Ave, P.O. Box 229, West Palm Beach, FL. 33401

   (b) Give date and length of the above sentence: _____ 2003 _____, 25 years on Case # 02-2916 CF A02

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐        No ☑

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1 . 1 . 0 4_
(Date)

_____
Signature of Movant

## GROUND ONE

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO CONSULT WITH HIM ON HIS RIGHT TO APPEAL HIS UPWARD DEPARTURE SENTENCE, AND IN FACT ADVISED THE DEFENDANT TO WAIVE HIS APPEAL RIGHTS BECAUSE THERE WAS "NOTHING HE COULD APPEAL ON HIS SENTENCE".

## SUPPORTING FACTS

The Defendant claims that due to counsel's misadvice and neglect that he was deprived of his right to appeal. It is a clear matter of law that a upward departure sentence is an issue that can only be determined correct under appellate review of the Circuit Court. In the above claim the defendant was not advised of the fact that he could appeal his departure sentence, his attorney told him that there was nothing about his sentence that could be appealed and it would be in his best interest to waive his appellate rights.

The Defendant claims that he was prejudiced where after being sentenced and speaking with a inmate law clerk at his institution he found

that he could have appealed his departure sentence under a abuse of discretion claim. The Defendant claims that his attorney never informed him of his right to appeal his sentence and at no time did the defendant ever tell his counsel not to appeal this sentence. The Defendant asserts that counsel has a constitutionally imposed duty to consult with him about his right to appeal when (1) that a rational defendant would want to appeal, or (2)* that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In this case it must be determined that a upward departure sentence is a valid reason for appellate review, only by considering all relevant factors in a given case can a court properly determine weather a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Therefore the fact remains that had counsel consulted with the defendant about his appeal then the defendant would have elected to appeal his upward departure sentence. Counsel must be found ineffective for his failure to consult or advise the defendant of his

---

* for example, because there are nonfrivolous grounds for appeal.

appellate rights and his misadvice to the defendant where he told him to waive his rights to appeal. The Defendant prays that this court hold a evidentiary hearing to determine counsel was ineffective or in the alternative grant the defendant a belated appeal and appoint counsel.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 02-80094-CR-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

      Plaintiff

vs.

MICHAEL DAVID HARLAND,

      Defendant

_____/

### ORDER REQUIRING FEDERAL SENTENCE TO RUN CONCURRENTLY WITH STATE SENTENCE AND FOR FEDERAL SENTENCE TO BE SERVED WHILE IN STATE CUSTODY OR SERVING STATE SENTENCE

**THIS COURT,** having reviewed the Unopposed Motion by defense counsel and the United States Attorney's Office, hereby orders as follows:

1. The Defendant MICHAEL HARLAND's 18-year Federal sentence under the above-styled cause be served concurrently with Palm Beach County Circuit Court sentence under Case Number 02-2916CF A02, which is a 25-year sentence.

2. The Defendant is designated to serve his Federal sentence in State custody, so that his Federal sentence may be served while he is in State custody serving his State sentence in Florida.

3. If the Defendant serves less than 18 years of his 25-year State sentence in prison in the Florida Department of Corrections, the Defendant shall be remanded to the Federal Bureau of Prisons to complete his Federal sentence.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _19_ day of
_February_ 200_ __.

Hon. Judge Donald M. Middlebrooks
United States District Judge

Copies furnished to:

Scott I. Suskauer, The Suskauer Law Firm, P.A., 1601 Forum Place, Suite 1200, West Palm Beach, FL 33401
Lothrop Morris, Office of the United States Attorney, 500 Australian Avenue South, Suite 400, West Palm Beach, FL 33401
John Gaither, Federal Bureaus of Prisons, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226

U.S. PROBATION
U.S. MARSHALS
Bureau of Prisons

EXHIBIT - A

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Cas.                                          Page 1 of 8

# United States District Court

## Southern District of Florida
### WEST PALM BEACH DIVISION

FILED by _____ D.C.

DEC 11 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA

v.

MICHAEL DAVID HARLAND

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 9:02CR80094-01

Counsel For Defendant: SCOTT SAUSKAUER
Counsel For The United States: LOTHROP MORRIS
Court Reporter: Roger Watford

The defendant pleaded guilty to Counts 1 THRU 40 of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 2251(a) | Knowingly used, persuaded, induced, enticed and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions knowing the visual depictions would be transported interstate or foreign commerce | 3-11-2002 | 1 THRU 13 |
| 18 U.S.C. 2251(b) | Parent knowingly permitting minor to engage in sexually explicit conduct for the purpose of producing visual depictions knowing that such depictions would be transported in interstate or foreign commerce. | 3-11-2002 | 14 THRU 26 |
| 18 U.S.C. 2252(a)(1) | Transportation of visual depictions involving a minor engaged in sexually explicit conduct in interstate or foreign commerce | 3-11-2002 | 27 THRU 39 |
| 18 U.S.C. 2252(a)(4) | Possession of visual depictions involving a minor engaged in sexually explicit conduct that had been transported in interstate commerce. | 3-11-2002 | 40 |

EXHIBIT - B

UNITED S  TES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _O2 - 80094 - CR -_
_MIDDLEBROOKS_
_04-800 19-CIV-_
CIV-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

MICHAEL DAVID HARLAND

04 JAN 13 AM 9:36
CLERK U.S. DIST. CT.
CLERK'S OFFICE
S.D. OF FLA.

## MOTION TO PROCEED IN FORMA PAUPERIS

COMES NOW, _MICHAEL DAVID HARLAND_ petitioner in the above-styled cause and pursuant to the provisions of Title 28, United States Code, Section 1915, respectfully moves for leave to proceed in forma pauperi without prepayment of fees, costs or security given therefor.

Dated: _____        _____
                                              Signature

### AFFIDAVIT IN SUPPORT OF MOTION
### TO PROCEED IN FORMA PAUPERIS

I, _MICHAEL DAVID HARLAND_ , being first duly sworn, depose and say that I am the petitioner in the above-entitled case; that in support of my motion to proceed in forma pauperis without being required to prepay fees, cost or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the nature of this action is as follows:

_Any funds necessary for transcripts, counsel, appeal, or other costs connected with my 28 USC 2255 motion_

I further swear that the responses which I have made to questions and instructions hereinbelow relating to may ability to pay the cost of this action are true.

1. Are you presently employed?    Answer: _No_

   a. If answer is "yes", state the amount of your salary or wages per month and give the name and address of your employer.
   b. If answer is "no", state the date of last employment, and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments interest, dividends, or other source?    Answer: _No_

   a. If answer is "yes", describe each source of income, and state the amount received from each during the past twelve months.

3. Do you own any cash or checking or savings account?    Answer: _No_____

   a. If answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishin and clothing)?    Answer: _No_____

   a. If answer is "yes", describe property and state approximate value.

_____

_____

5. List the persons who are dependent upon you for support and state your relationship to those persons.

_____

_____

_____

   I fully understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

_____
                                              Signature

SUBSCRIBED AND SWORN TO before me this

_____ day of _____

_____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

_____

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

UPON CONSIDERATION of the Motion and Affidavit to Proceed in Forma Pauperis, it is

ORDERED that the Motion to Proceed in Forma Pauperis without prepayment of costs or fees or the necessity of giving security therefor in the above-entitled cause be and the same is hereby

_____

U.S. District Judge