```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 04-80019-Civ-MIDDLEBROOKS
                                      (02-80094-Cr-MIDDLEBROOKS)
                              MAGISTRATE JUDGE P. A. WHITE
MICHAEL DAVID HARLAND,     :

        Movant,            :

v.                         :          REPORT OF
                                    MAGISTRATE JUDGE
UNITED STATES OF AMERICA   :

        Respondent.        :
_____
```

This matter is before this Court on the movant's timely filed motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for twenty-six counts of manufacturing child pornography, thirteen counts of using a computer to distribute child pornography, and one count of possession of child pornography. The Court has reviewed the motion with multiple exhibits, the government's response with affidavit from defense counsel, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The procedural history of the underlying criminal case reveals that the movant pleaded guilty to twenty-six counts of manufacturing child pornography, thirteen counts of using a computer to distribute child pornography, and one count of possession of child pornography. (Cr-DE#35). The court sentenced him to a total of 216 months in prison, followed by three years of supervised release. (Cr-DE#60). The judgment was entered on December 11, 2002. (Id.). He did not prosecute an appeal, and his conviction became final at the latest on December 26, 2002, when

time expired for filing a notice of appeal.[1] On February 19, 2003, the district court entered an order in legal effect amending the judgment so that the movant's eighteen year federal sentence would run concurrently with a Palm Beach County Circuit Court twenty-five year sentence. (Cr-DE#62). This motion to vacate was filed less than one year thereafter on January 1, 2004.[2] (Cv-DE#1).

The movant raises one claim of ineffective [3] assistance of counsel for failing to consult with him regarding his right to appeal the court's enhancement in his base offense level pursuant to U.S.S.G. §2G2.1. (Cv-DE#1:8). Specifically, the movant maintains that counsel failed to explain that, although he pleaded guilty, he could still appeal his sentence. (Id.).

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for the deficiency in representation, there is a

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[2] Whether this motion was timely filed need not be decided as the claim raised herein fails on the merits. However, it is arguable that the motion is time-barred as it was filed more than one year after the movant's conviction became final.

[3] In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

2

reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Thus, the movant must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

The facts of the case, as contained in the PSI, reveals as follows. On January 25, 2002, the government received information that an international investigation initiated by the Danish National Police had identified Lloyd Emmerson of California as a suspected child abuser. A search warrant was executed at Emmerson's residence, and a computer and other data were seized which contained files depicting minors engaged in sexually explicit conduct. Emmerson thereafter supplied information which identified the movant as a producer of child pornography. Several photographs taken from Emmerson's computer depicted child pornography which appeared to have been taken in Florida based on the landscape of the photographs. The movant's driver's license photograph was matched to photographs of an adult male depicted in child pornography seized from Emmerson's computer.

Thereafter, a search was conducted of the movant's residence. When shown photographs of himself engaged in sexually explicit conduct with a young female, the movant identified the young female as his biological daughter. He stated that he had taken the photographs when his wife and son were not at home. He admitted that he had genital to genital sexual conduct with his daughter as portrayed in several of the recovered photographs. He further stated that he sent the images to three or four people he had met

3

via the internet and that they traded images depicting child pornography. The movant was arrested and a warrant was obtained to search the movant's computers located in his home and at work. Numerous photographs were recovered depicting photographs of his daughter and eighteen different minors engaged in sexually explicit conduct.

The record in this case reveals that prior to sentencing, the government filed a motion for upward departure based on aggravating factors not properly taken into account in the movant's guideline range. Review of the PSI reveals that the movant's base offense level was increased on the basis that the material portrayed sadistic or masochistic conduct, and involved a minor under the age of 12 years. (PSI ¶¶41,43). The offense level was also increased as the distribution was done in expectation for the receipt of a thing of value; a computer was used for the transmission of the materials; and the movant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (PSI ¶¶42,44,45).

In its order granting the government's motion for upward departure, the court found in pertinent part as follows:

> ... 2G2.2(b)(4) does not sufficiently account for the seriousness of the abuse and exploitation in this case. Defendant was part of an international ring that involved at least ten different girls. He played an extremely active role in this ring of abuse, distributing photographs that depicted the abuse of his own daughter and describing in detail his abusive conduct as a means of promoting and furthering others' abuse and distribution of photos of that abuse. The five-level enhancement under subsection (b)(4) does not adequately reflect the level of harm inflicted by the defendant. As in *United*

4

> States v. Hersh, 297 F.3d 1233, 1251-53 (11th Cir. 2002), both the extent of abuse and the extraordinary vulnerability of the victims involved make this precisely the type of case that warrants an upward departure beyond the enhancement of subsection (b)(4).

(Cr-DE#57).

The court also found an upward departure was warranted under U.S.S.G. §5K2.8 on the basis that the movant's "abuse of his own daughter was unusually heinous and degrading." The court found that as a direct result of the movant's "extreme and outrageous conduct" at least ten different girls were harmed. (Id.). The court further found that an upward departure was warranted under U.S.S.G. §5K2.0 on the basis that the "circumstances of this case are far beyond those contemplated in the Guidelines and fall well outside even the 'mainstream' case involving child pornography." (Id.). The court concluded that for purposes of appellate review, the Court noted that even if any miscalculations occurred in computing the guideline range, it was nevertheless the intent of the court that the movant's sentence remain eighteen years. (Id.).

On the record before this court, the movant cannot establish prejudice stemming from counsel's failure to assign as error on appeal the enhancement in his sentence. Even if any error had occurred, the court nonetheless would have imposed the same sentence. Consequently, no prejudice can be established in this regard and the movant is entitled to no relief.

Moreover, to the extent that the movant asserts that counsel should have filed a notice of appeal, he is not entitled to relief. When a defendant alleges that "counsel is ineffective for not filing a notice of appeal when the defendant has not clearly

5

conveyed his wishes one way or the other," the district court must engage in the following inquiry. First, determine whether counsel actually consulted with the defendant about an appeal. If so, counsel is only ineffective if he failed to file an appeal after being requested to do so. Roe v. Flores-Ortega, 120 S.Ct. 1029 (2000).

If counsel has not consulted with the defendant about the advantages and disadvantages of prosecuting a direct appeal, then a second question must be asked: whether counsel's failure to so consult constitutes deficient performance. Id. at 33. Counsel's performance is deemed deficient when "there is reason to think either (1) that a rational defendant would want to appeal (for example when there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 34-35. The Court notes that a "highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea," but cautions that all relevant factors must be examined, and expects that in the "vast majority of the cases," courts will find "that counsel had a duty to consult with the defendant about an appeal." Id. at 35, 36.

Whether counsel consulted with the movant about an appeal is not clear. His form motion to vacate is devoid of any substantial information regarding counsel's assistance with regard to the appeal. He does not assert that he requested counsel to file an appeal. In one instance he asserts that counsel failed to consult with him regarding an appeal of his enhanced sentence, and then maintains that no consultation ever occurred. Review of the information proffered by the movant on the form motion indicates that he is aware that no appeal can be taken of an issue that was

6

not raised before the trial court. It appears that his sole complaint is that he wanted counsel to appeal the enhancements in his base offense level. As discussed above, there is little likelihood that he would have been successful had he raised the issue at sentencing or on appeal. He has not demonstrated that counsel rendered ineffective assistance with regard to the appeal. Given the benefits he derived at sentencing, including his reduction based on acceptance of responsibility, there is nothing of record in this proceeding or the underlying criminal case to suggest that a rational defendant would have wanted to pursue an appeal or that there were nonfrivolous grounds for an appeal.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 24th day of November, 2004.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Michael David Harland, <u>Pro Se</u>
    Reg. No. 71965-004
    P.O. Box 872
    Fresno, CA 93712

    Lothrop Morris, AUSA
    U.S. Attorney's Office
    500 Australian Avenue, Suite 400
    West Palm Beach, FL 33401